IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD DUARTE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:12-CV-463-WHA |
| | ) [WO] |
| GARY KNIGHT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff was an inmate incarcerated at the Kilby Correctional Facility when he filed this 42 U.S.C. § 1983 complaint.[1] He alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by Defendants Gary Knight and Mekki Klein, who appear to have authority relating to the Houston County Community Corrections program, for which he seeks damages. Upon its review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

**I. DISCUSSION**

Even when read with the liberality afforded *pro se* complaints, *Haines v. Kerner*, 404

---

[1] Since filing this action Plaintiff has been released from custody.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

U.S. 519 (1972), the complaint in this case does not clearly articulate the basis for Plaintiff's claims against the named defendants. Plaintiff generally alleges that even though Defendants had "knowledge of previous 2008 supposedly incidents in which [Plaintiff] was not found guilty of supposedly incidents," he was allowed entry into the Houston County Community Corrections program. Following his entry into the program, Plaintiff complains that Defendants subjected him to several instances of harassment regarding the 2008 incidents even though he was "not found guilty of any and all incidents in 2008." (*Doc. No. 1 at 3*.)

The court understands Plaintiff to complain that Defendants subjected him to verbal abuse and/or harassment with respect to some unidentified incidents which occurred in 2008. This claim entitles Plaintiff to no relief. The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable Section 1983 claim); *Hopson v. Fredricksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (mere verbal threats generally do not constitute a Section 1983 claim); *see also McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973). Consequently, the conduct Plaintiff attributes to Defendants will not support a claim of violation of his constitutional rights. Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989).[3]

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before **August 21, 2012,** Plaintiff may file objections to the Recommendation  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff object.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of August, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE